UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EGNATIUS JOHNSON,

    Petitioner,

v.      CASE NO. 6:07-cv-1479-Orl-31UAM

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OF TRANSFER

On September 14, 2007, Petitioner filed a typed application for habeas corpus relief pursuant to 28 U.S.C. § 2241. The pleading challenges the validity of Petitioner's conviction on the grounds that the district court: (1) "erroneously informed [him] of the minimum and maximum sentence"; (2) lacked subject matter jurisdiction to sentence him "beyond the twenty year maximum of § 841(b)(1)(C)"; and (3) "failed to make factual findings with regard to drug type and quantity." (Doc. No. 1).

Congress provided 28 U.S.C. § 2255 as the appropriate remedy for collateral attack of a federal conviction. 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241, therefore, is improper. *See United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) ("Congress enacted § 2255 with the intention that the statute would serve as the primary method of collateral attack on a federally imposed sentence.") *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980) ("appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the

alleged errors occurred at or prior to sentencing"). Thus, the Court will construe Petitioner's submission as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.

Section 2255 specifically limits jurisdiction to determine a motion to vacate, set aside, or correct an allegedly illegal sentence to the "court which imposed the sentence." 28 U.S.C. § 2255. *See Jordan*, 915 F.2d at 626; *Flores*, 616 F.2d at 842. It appears that the judgment of conviction against which relief is sought was entered by the United States District Court, in and for the Northern District of Florida, Tallahassee Division. *See United States v. Mothersill*, 87 F.3d 1214 (1996). Therefore, on the Court's own motion, it is

**ORDERED:**

That the Clerk of the Court shall forthwith transfer this action to the United States District Court, Northern District of Florida, Tallahassee Division, for all further proceedings.

**DONE AND ORDERED** at Orlando, Florida, this 20th day of September, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 9/20
Egnatius Johnson
Counsel of Record